**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

|  |  |
|---|---|
| CODY FLACK,<br>SARA ANN MAKENZIE,<br>MARIE KELLY, and<br>COURTNEY SHERWIN,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>WISCONSIN DEPARTMENT OF<br>HEALTH SERVICES and<br>LINDA SEEMEYER, in her official capacity<br>as Secretary of the Wisconsin Department of<br>Health Services,<br><br>　　　　　　Defendants. | Case No. 3:18-cv-00309-wmc<br>Judge William Conley |

**DECLARATION OF JENNIFER I. KLAR**

I, Jennifer I. Klar, declare as follows:

1.　　　I am a partner at Relman, Dane & Colfax PLLC (the "Firm"). I submit this declaration in support of Plaintiffs' Motion for Class Certification. I have personal knowledge of the facts stated herein.

2.　　　The Firm is co-counsel for the Plaintiffs in the above-captioned matter with McNally Peterson, S.C. and the National Health Law Program. I am the Firm's supervising partner on the case. My colleague Joseph J. Wardenski, Counsel at the Firm, is the lead attorney on the case, and two associates, Orly May and Alexa Milton, are staffed on the case.

3.　　　Relman, Dane & Colfax is a national civil rights law firm based in Washington, D.C. The Firm is highly regarded within the civil rights community for its expertise in civil rights litigation, including experience in class action lawsuits.

4. I received my J.D. from Harvard Law School in 2002 and my A.B. from Brown University in 1998. I have been with the Firm since 2004 and became a partner in 2011. In 2018, I was named as a "Super Lawyer" for Washington, D.C. For the past three years, I have been selected for inclusion in "The Best Lawyers in America" in the category of Civil Rights Law. In 2017, I was chosen as the Washington Metropolitan Employment Lawyers' Association's "Lawyer of the Year." I have twice been named as a finalist for Public Justice's "Trial Lawyer of the Year."

5. I am a member in good standing of the bars of the District of Columbia and Massachusetts (inactive). I am admitted to practice in numerous federal courts, including the United States District Court for the District of Columbia, the United States Court of Appeals for the District of Columbia Circuit, and the United States Supreme Court, and I am admitted *pro hac vice* to practice in this Court for this case.

6. My practice focuses on complex civil rights litigation, including class actions, and I have experience trying multi-plaintiff housing and employment discrimination cases to successful verdicts in multiple federal courts.

7. The Firm has served as class counsel for multiple certified classes, including *Moore v. Duke*, Civ. No. 00-953 (D.D.C. 2017). *See also e.g.*, *Morgan v. Richmond School of Health and Tech., Inc.*, No. 3:12-cv-373 (E.D. Va. 2013).

8. I served as co-lead counsel in *Moore*, a nationwide class action employment discrimination case against the United States Secret Service. *See In re: Johnson*, 760 F.3d 66 (D.C. Cir. 2014) (upholding class certification); *Moore v. Napolitano*, 926 F. Supp. 2d 8 (D.D.C. 2013) (granting class certification and appointing the Firm class counsel).

9.      The *Moore* class action was a vigorously contested and unusually long litigation that spanned over sixteen years. At the time of its resolution, the docket in *Moore* contained more than 800 docket entries. Plaintiffs' counsel alone submitted approximately 190 legal memoranda, including multiple rounds of briefing on dispositive motions, *Daubert* motions, and motions for class certification. Discovery involved over 50 depositions, 20 days of 30(b)(6) testimony, hundreds of thousands of pages of produced documents, and at least 17 successful discovery motions filed by Plaintiffs. The litigation also included appellate briefing and argument before the D.C. Circuit on class certification, and months of mediation and intense settlement negotiations.

10.      While class certification in *Moore* was hotly contested, the defendant notably did not question the adequacy of the Firm as class counsel.

11.      In addition to the *Moore* class action, some of my significant civil rights cases have included:

- Litigation on behalf of sixty-seven individuals denied access to public water on the basis of the race of their predominantly African-American neighborhood, resulting in a $10.8 million-dollar jury verdict after a trial consuming more than six weeks. *Kennedy v. City of Zanesville*, 505 F. Supp. 2d. 456 (S.D. Ohio 2007) (denying summary judgment and allowing a continuing violation).

- Litigation against the City of Los Angeles for failure to ensure the City's housing programs were accessible to people with disabilities, resulting in a settlement committing a minimum of $200 million by the City of Los Angeles to provide the required accessibility. *Indep. Living Ctr. of S. Cal. v. City of L.A.*, 296 F.R.D. 632 (C.D. Cal. 2013) (defining the scope of complex discovery).

12. I have a deep interest in complex discovery and am actively involved in issues related to the Federal Rules of Civil Procedure, including testifying to the Judicial Conference Advisory Committee on Civil Rules and the U.S. Senate Subcommittee on Bankruptcy and the Courts.

13. The Firm has the resources, expertise, and experience to litigate this action effectively on behalf of the Proposed Class.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 17th day of October, 2018.

Jennifer L. Klar